**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-00496-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Gary William Hart, | |
| Defendant. | |

The Defendant has filed a Motion for Early Termination of Supervised Release (Doc 34), to which the Government has filed a Response,[1] (Doc. 36). For the reasons stated herein, the Motion is granted.

I. **Background**

The Defendant pleaded guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(A). (Doc. 20). On January 29, 2010, the Hon. Judge Martone sentenced him to 15 months in federal custody followed by a term supervised release for the remainder of his life. (Doc. 31). The Defendant was also ordered to pay a $100 Special Assessment fee. (*Id*.) The sentencing court noted that "[i]f after five (5) years the Defendant or Probation Officer believes that further supervision is unnecessary, they may file a motion to amend the supervised release term." (*Id*.)

The Defendant started his supervised release term on February 18, 2011 and has been on that supervised release term for just over 10 years. During that time, he has

---

[1] The Court has also reviewed a Memorandum from the Defendant's supervising probation officer stating no objection to his Motion.

completed sex offender treatment, which included periodic polygraph examinations, and he remained generally compliant with his conditions of supervision.

II. **Law and Analysis**

Title 18 U.S.C. § 3583(e)(1) gives a district court discretion in determining whether or not to grant a motion to terminate supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In so doing, a court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id*. Courts must also "be satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1).

A review of the factors and the Defendant's conduct supports early termination. As stated above, he has, with minor exceptions, been compliant with fulfilling the terms and conditions of his supervised release. The Court notes that he failed two polygraph examinations, but then he reengaged in treatment and supervision. He has not failed a polygraph examination in the last three years. His personal circumstances have also changed. He is now 50 years-old. He has completed sex offender treatment and maintained employment. He was legally married three years ago and remains so. He and his wife live with and care for his aging parents. (Doc. 34 at 4). The Defendant maintains the household, does the shopping, and drives his parents to their appointments. (*Id*.) Apparently, due to prior injuries he sustained while in the United States Army and a more recent work-related injury, the Defendant no longer works for his previous employer. However, he avows that he will continue to seek suitable work. (*Id*.)

The Court has also considered the nature of the crime and the Defendant's status at that time. Up to time of sentencing, the Defendant was released on his own recognizance. (Doc. 6). At time of sentencing, he had no alcohol use issues and had never used illegal substances. (Doc 28)[2]. He also began working for a truck driving company while on pretrial release. (*Id*.) Moreover, while he presented with minimal misdemeanor criminal history, the U.S. Probation Office recommended that a downward adjustment be applied to achieve a criminal history category I. (*Id*.) And, as noted, the sentencing court recommended that

---

[2] The Court notes that its docket is absent a presentence investigation report.

upon completing five-years of his supervised release term, he or the supervising probation officer could seek a termination of the lifetime term imposed if they thought further supervision unnecessary. A review of the section 3583(e) factors, and the Defendant's conduct while on supervised release convinces this Court that for the reasons stated, it is in the interest of justice to grant his Motion.

Accordingly,

**IT IS ORDERED granting** the Defendant's Motion for Early Termination of Supervised Release (Doc. 34).

Dated this 25th day of March, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge